## JOHN MORAN *v.* THE NASHVILLE & CHATTANOOGA RAILROAD COMPANY.

1. RAILROAD. *Damages. Negligence.* The accident occurred in the company's yard. The following charge is held to be substantially correct: "It is the duty of the engineer to keep a lookout ahead, but not behind, and if he rang the bell or sounded the whistle at the crossing of the street, and there was nothing on the track ahead, he was not required to continue ringing the bell and sounding the whistle. If the plaintiff was on the track where he could be seen, all possible means should have been used to stop the train, but if the plaintiff was concealed, it was not negligence to omit to sound the whistle or ring the bell.

2. SAME. *Same. Charge of Court on measure of damages.* No reversal can be had because the Court below failed altogether to charge the jury upon the measure of damages, when the defendant is found not to be liable at all.

---

### FROM DAVIDSON.

---

Appeal from the Circuit Court. NATHANIEL BAXTER, Judge.

M. M. BRIEN, Jr., for Moran.

BATE & WILLIAMS for the Nashville and Chattanooga Railroad Company.

McFARLAND, J., delivered the opinion of the Court.

Moran brought this action to recover damages for a personal injury by which he lost an arm. Failing below, he has appealed in error to this Court.

The facts, detailed principally by the plaintiff him-

self, are in substance as follows: The plaintiff, who was a workman in a shop near the depot of the defendant, at Nashville, having been to the city to vote, or get a certificate to vote, had left his tools behind some stationary cars along the track of the road. Before going to dinner, he went to get his tools. After getting his tools he placed his hands upon the head-bars of two of the stationary cars, and leaped over on the next or main track. As he set his foot on the track he saw the pilot of an engine and drew back immediately, and was struck either by the tender or next car before he had time to recover. He heard no whistle or bell. The place where the accident occurred was in the yard of the railroad company. At the point there were four parallel tracks, the one on which stood the stationary cars from between which the plaintiff leaped next the track on which the train was moving, and then beyond two other tracks, upon which were also stationary cars. The point was about forty or fifty yards from the crossing of Church street. The train was a "switch train;".it gave the signal at the crossing of Church street, but did not afterwards; it was not customary to do so. There was no other crossing for some distance. The train was moving ten or twelve miles per hour, the usual rate being from three to eleven miles per hour. The engineer was on the lookout, but did not see Moran.

The Circuit Judge's charge presented to the jury principally the question as to whose negligence caused

John Moran *v.* The Nashville & Chattanooga Railroad Co.

the injury.   Yet, in substance, he instructed the jury that the provisions of the statute for the prevention of accidents on railroads was applicable.

He says: "If there was an engineer on the engine, it was his duty to keep a lookout ahead, but not behind.   I think that would be a compliance with the requirements of the statute, and if he rang the bell and sounded the whistle at the crossing of the street, and there was nothing on the track ahead of it, he was not required by the statute to continue ringing the bell or sounding the whistle all the way it went.   If the plaintiff was on the track where he could be seen, it would then have been the duty of the defendant to have given the alarm and put down the brakes, and to have used all other possible means to stop the train.   But if the plaintiff was not on the track, but was concealed among the stationary cars, so that he could not be seen by the engineer, it was not negligence to omit to sound the bell or whistle."

No more special instructions were asked for upon this subject, and the plaintiff had the benefit of all the provisions of the statute applicable, and he did not request any further charge on the subject.   We are aware of no provision applicable to the facts of the case, not given in the charge.

It is objected that the Judge failed altogether to charge the jury upon the measure of damages.   As the jury have found the defendant not liable at all, we can not reverse for this omission.

Louisville & Nashville Railroad Co. *v.* Mary Connor, Adm'x, *et al.*

The charge of the Court upon the question of negligence, we think, was substantially correct; in fact, we do not see the proof upon which it can be said that the accident was attributable to the defendant's negligence. The train was being run in the ordinary way, not omitting any statutory precautions. Reasonable prudence upon the part of the plaintiff would have saved him from the calamity, and we think that in legal contemplation the accident must be attributable to his own negligence.

Affirm the judgment.